IN CHATHAM SUPERIOR COURT, JULY TERM, 1831.

WILLIAM TAYLOR *vs.* WILLIAM THOMAS.

*Certiorari.*

THE plaintiff below brought his action in a Justice's Court, to recover the outward pilotage of a vessel of which the defendant was consignee. The defendant pleaded to the jurisdiction of the magistrate's court; and alleged, that by the 5th sec. of the act of 1799, entitled an act to regulate the pilotage of vessels to and from the several ports of this State, exclusive jurisdiction over the subject matter of this suit was vested in the commissioners of pilotage. That section prescribes, that "in case any damage, dispute, complaint, or difference shall happen to arise, or be made against, or between any master or pilot, for or concerning the pilotage of any ship or vessel, or any other matter incident or relative to the business or care of a pilot, in any of the said harbors, all such damages, disputes, complaints or differences, (when the claim does not exceed $100) are hereby ordered to be heard and determined by the commissioners, or a majority of them, who by their decree, arbitrament or order, shall and may lawfully decide, adjust and regulate every such damage," &c. The plea thus interposed, was overruled by the justice; and an application made by the defendant to this court for the writ of *certiorari*. The question presented for adjudication, is upon the sufficiency of the plea offered in the court below. To determine this, we are naturally led into an inquiry of the jurisdiction of Justices' Courts in civil cases.

By the judiciary act of 1789, sec. 47, it is provided, for the more speedy recovery of small debts, that the justices of the several counties, or any one or more of them, shall have authority and jurisdiction to hear and determine all suits for any debt or liquidated demand due by judgment, specialty or account for any sums of money not exceeding five pounds sterling, &c. The 5th sec. of the act of 1790, limits the exercise of the powers thus conferred, within their respective Militia Captain's district. By the 44th sec. of the act of 1792, the provisions of the act of 1789, are re-enacted. By the act of 1797, the justices in the respective company districts are clothed with jurisdiction to hear and determine all suits for any debts or liquidated demands, or on account for any sums of money, not exceeding thirty dollars. And by the 5th section of the 3d art. of the Constitution of the State of Georgia it is delared, that there shall be two justices in each Captain's district, either or both of whom shall have power to try all cases of a civil nature, within their district, where the debt or liquidated demand does not exceed

The 5th sec. of the act of 1799, entitled an act to regulate the pilotage of vessels to and from the several ports of this State, and which vests the commissioners of pilotage with power to decide, adjust and regulate any damage, dispute, complaint or difference, arising against or between master or pilot for pilotage, or any other matter relating to the business of a pilot, does not deprive the Justice's Court of jurisdiction over a demand for pilotage, where the same does not exceed thirty dollars.

CHATHAM,
July, 1831.

TAYLOR
v.
THOMAS.

thirty dollars, in such manner as the legislature may by law direct. The principal act passed on this subject, since the adoption of the constitution is the act of 1811,—by it, their jurisdiction is recognized for the trial of all suits on any liquidated demand or account, for any sums of money not exceeding thirty dollars.

Thus it is obvious, that anterior to, and at the time of the passage of the act of 1799, for regulating the pilotage of vessels, jurisdiction over the subject-matter of this suit was vested in the Justices' Courts; and the simple question to be determined is, whether that jurisdiction is taken away by the mere affirmative grant of powers to the commissioners of pilotage contained in the said 5th sec. of the act of 1799.

The general rule in England is, that the Court of King's Bench is ousted of jurisdiction by nothing, but the express negative words of a statute; or according to the later cases, *necessary implication*. This rule is so well established, as to dispense with the necessity of adducing authorities. Considered with reference to the *original* jurisdiction of the K. B. as distinguished from its superintending control over inferior judicatories by appeal, certiorari, &c. it is not perceived why the rule stated is not equally applicable to all the common law courts; and indeed, such has been its extension and application; and so it seems to have been understood, as it has been adopted and applied in this country. It is not important now to inquire into the character and course of proceeding of the Justices' Courts, since we are not seeking to establish a jurisdiction for them, as originating in the common law, but are limited to the inquiry whether a jurisdiction expressly derived to *them*, in common with all other courts, from the constitution and legislative enactments, can be divested by the mere affirmative words of a statute conferring the same jurisdiction upon some other tribunal.

Do the words, used in the said 5th sec. " *are hereby ordered to be heard and determined*," necessarily imply a negative? It is only as if the legislature had said " *shall be heard and determined*" and such words, without some non-intromittant clause prohibiting the exercise of jurisdiction by any other tribunal, or the introduction of some word or words which necessarily exclude the other tribunal, as *final, original, exclusive* or the like, have never been held in England sufficient to oust a previously existing jurisdiction. And by their received acceptation with us, as established by uniform construction and practice, no such efficacy has been given to them *here*. Upon the establishment of the court of Oyer and Terminer for the city of Savannah, it was invested with cognizance of civil cases within a limited amount, and criminal jurisdiction of minor offences. Yet it never has been made a question whether this ousted the jurisdiction of the other courts. The Superior Court continues constantly to try cri-

minal cases, over which the city court has jurisdiction ; and if a civil jurisdiction, within the limits of the latter, has not been exercised by the former, it is only because of the more speedy justice in the city court. By the 3d art. 2d sec. of the Constitution of the United States, it is provided, that " the judicial power *shall* extend to all cases of admiralty and maritime jurisdiction." Upon the principle contended for, in support of this plea, this ought to be construed as giving the courts of the United States exclusive jurisdiction of all cases embraced within it ; yet such is not the construction it has received, and a concurrent jurisdiction remains in the courts of common law of the states where the common law is competent to give a remedy. So it has been decided in England, that a statute simply giving remedy at *common law* for a thing before recoverable in the spiritual court *only*, does not take away the jurisdiction of the spiritual court. 1 Ld. Raym. 323. And where by charter a jurisdiction was conferred upon the mayor and aldermen of London in Southwark, but which charter contained no non-intromittant clause as to the justices of the county of Surrey, by whom the jurisdiction had been previously exercised, it was held that the justices retained a concurrent jurisdiction with the mayor and aldermen. 4 Term Rep. 451.

By reference to another sec. of the same act, the construction maintained in support of this plea, it is thought, will be found at variance with the legislative intent, as it is there manifested. It will be recollected that the 5th sec. professes to regulate disputes, complaints or differences between *master* and *pilot.* Now by the 15th sec. of the same act, it is declared, that the captains of vessels having no owner or consignee in the port, shall be obliged, if requested, by the pilot acting on board, to give security for the faithful payment of the pilotage, before said vessel leaves such port. Obviously contemplating, it would seem, a right in the pilot against the owner or consignee, not embraced by the words of the 5th sec. within the new jurisdiction, and liable to be enforced elsewhere. It is not however necessary to rest the decision of this plea here. The Constitution declares, that the judicial powers of this State shall be vested in a Superior, Inferior, and Justices' Courts, and in such other courts as the legislature shall from time to time ordain and establish. The Justices' Court is here recognized by the Constitution ; and in another sec. of the same article, its power and jurisdiction, as we have seen, are limited and defined. It is left to the legislature to point out the cause of its proceeding, but its jurisdiction can neither be increased nor diminished, without an alteration of the Constitution itself. It is a right which the Justices' Court derives from the Constitution to try all cases of a civil nature within the limits therein prescribed, and this right cannot be impaired, but by the means pointed out in the

CHATHAM,
July, 1831.

TAYLOR
v.
THOMAS.

Constitution. Such is not the character of the act of '99, nor does it profess to effect an alteration of the Constitution. Whatever may have been the intention of the legislature, in the grant of powers conferred by the 5th sec., or whatever interpretation it might be susceptible of, according to the rules of construction, it cannot be permitted to divest a jurisdiction, derived from the supreme law of the land.

For these reasons, the plea is overruled, and the judgment below affirmed.